NEAL M. COHEN (SBN 184978)
(nmc@viplawgroup.com)
WILLIAM A. ENGLISH (SBN 193634)
(wae@viplawgroup.com)
VALERIE L. SARIGUMBA (SBN 243713)
(vls@viplawgroup.com)
Vista IP Law Group LLP
2040 Main Street, Suite 710
Irvine, California 92614
Tel: (949) 724-1849
Fax: (949) 625-8955

Attorneys for Plaintiff
        Lawrence E. Tannas, Jr., dba Tannas Electronics

JEFFREY K. LEE, State Bar No. 212465
KIMBERLY A. DONOVAN, State Bar No. 160729
GCA LAW PARTNERS LLP
1891 Landings Drive
Mountain View, CA  94043
Phone No.: (650) 428-3900
Fax No.: (650) 428-3901
Email: jlee@gcalaw.com
Email: kdonovan@gcalaw.com

*Attorneys for Defendant and Counterclaimant*
        *Luxell Technologies, Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Tannas Electronics,<br><br>              Plaintiff,<br><br>              v.<br><br>Luxell Technologies,<br><br>              Defendant. | Case No. SA CV 11-00609 AG (MLGx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Hon. Andrew Guilford |

- 1 -

## 1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.4 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2. **DEFINITIONS**

2.1 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

- 2 -

2.3   Counsel (without qualifier): Outside Counsel of Record (as well as their support staff).

2.4   INTENTIONALLY LEFT BLANK.

2.5   Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.6   Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7   Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9 "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10 INTENTIONALLY LEFT BLANK.

2.11 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12 Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.13 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Counsel.

2.14 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.   <u>SCOPE</u>**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.   DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.   DESIGNATING PROTECTED MATERIAL**

5.1  Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g.,

1    to unnecessarily encumber or retard the case development process
2    or to impose unnecessary expenses and burdens on other parties)
3    expose the Designating Party to sanctions.

4          If it comes to a Designating Party's attention that
5    information or items that it designated for protection do not
6    qualify for protection at all or do not qualify for the level of
7    protection initially asserted, that Designating Party must
8    promptly notify all other Parties that it is withdrawing the
9    mistaken designation.

10          5.2    <u>Manner and Timing of Designations.</u>

11          Except as otherwise provided in this Order (see, e.g.,
12    second paragraph of section 5.2(a) below), or as otherwise
13    stipulated or ordered, Disclosure or Discovery Material that
14    qualifies for protection under this Order must be clearly so
15    designated before the material is disclosed or produced.

16          Designation in conformity with this Order requires:

17          (a)   <u>for information in documentary form</u> (e.g., paper or
18    electronic documents, but excluding transcripts of depositions or
19    other pretrial or trial proceedings), that the Producing Party
20    affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –
21    ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to
22    each page that contains protected material. If only a portion or
23    portions of the material on a page qualifies for protection, the
24    Producing Party also must clearly identify the protected
25    portion(s) (e.g., by making appropriate markings in the margins)
26    and must specify, for each portion, the level of protection being
27    asserted.

28          - 7 -

1     A Party or Non-Party that makes original documents or

2  materials available for inspection need not designate them for

3  protection until after the inspecting Party has indicated which

4  material it would like copied and produced.  During the

5  inspection and before the designation, all of the material made

6  available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

7  ATTORNEYS' EYES ONLY."  After the inspecting Party has identified

8  the documents it wants copied and produced, the Producing Party

9  must determine which documents, or portions thereof, qualify for

10  protection under this Order.  Then, before producing the

11  specified documents, the Producing Party must affix the

12  appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL –

13  ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE") to

14  each page that contains Protected Material.  If only a portion or

15  portions of the material on a page qualifies for protection, the

16  Producing Party also must clearly identify the protected

17  portion(s) (e.g., by making appropriate markings in the margins)

18  and must specify, for each portion, the level of protection being

19  asserted.

20     (b) for testimony given in deposition or in other pretrial

21  or trial proceedings, that the Designating Party identify on the

22  record, before the close of the deposition, hearing, or other

23  proceeding, all protected testimony and specify the level of

24  protection being asserted.  When it is impractical to identify

25  separately each portion of testimony that is entitled to

26  protection and it appears that substantial portions of the

27  testimony may qualify for protection, the Designating Party may

28                              - 8 -

invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.  Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order.  Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these

requirements.  Any transcript that is prepared before the

expiration of a 21-day period for designation shall be treated

during that period as if it had been designated "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless

otherwise agreed.  After the expiration of that period, the

transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any  other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3   Inadvertent Failures to Designate.

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4  In response to written discovery requests, it is not necessary to identify communications between counsel of record and their clients, and the attorney-client privilege is

- 10 -

1  automatically claimed for any such communications.  The preceding

2  sentence applies only to communications in which no other people,

3  parties, or entities were involved.

4       **6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

5       6.1  Timing of Challenges. Any Party or Non-Party may

6  challenge a designation of confidentiality at any time.  Unless a

7  prompt challenge to a Designating Party's confidentiality

8  designation is necessary to avoid foreseeable, substantial

9  unfairness, unnecessary economic burdens, or a significant

10 disruption or delay of the litigation, a Party does not waive its

11 right to challenge a confidentiality designation by electing not

12 to mount a challenge promptly after the original designation is

13 disclosed.

14      6.2  Meet and Confer. The Challenging Party shall

15 initiate the dispute resolution process by providing written

16 notice of each designation it is challenging and describing the

17 basis for each challenge.  To avoid ambiguity as to whether a

18 challenge has been made, the written notice must recite that the

19 challenge to confidentiality is being made in accordance with

20 this specific paragraph of the Protective Order.  The parties

21 shall attempt to resolve each challenge in good faith and must

22 begin the process by conferring directly (in voice to voice

23 dialogue; other forms of communication are not sufficient) within

24 14 days of the date of service of notice.  In conferring, the

25 Challenging Party must explain the basis for its belief that the

26 confidentiality designation was not proper and must give the

27 Designating Party an opportunity to review the designated

28                              - 11 -

material, to reconsider the circumstances, and, if no change in
designation is offered, to explain the basis for the chosen
designation.  A Challenging Party may proceed to the next stage
of the challenge process only if it has engaged in this meet and
confer process first or establishes that the Designating Party is
unwilling to participate in the meet and confer process in a
timely manner.

      6.3   <u>Judicial Intervention.</u> If the Parties cannot
resolve a challenge without court intervention, the Designating
Party shall file and serve a motion to retain confidentiality
under Civil Local Rule 37 (and in compliance with Civil Local
Rule 79-5, if applicable).  Each such motion must be accompanied
by a competent declaration affirming that the movant has complied
with the meet and confer requirements imposed in the preceding
paragraph.  Failure by the Designating Party to make such a
motion including the required declaration shall automatically
waive the confidentiality designation for each challenged
designation.  In addition, the Challenging Party may file a
motion challenging a confidentiality designation at any time if
there is good cause for doing so, including a challenge to the
designation of a deposition transcript or any portions thereof.
Any motion brought pursuant to this provision must be accompanied
by a competent declaration affirming that the movant has complied
with the meet and confer requirements imposed by the preceding
paragraph.

    The burden of persuasion in any such challenge proceeding
shall be on the Designating Party.  Frivolous challenges and

those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1   Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)   the Receiving Party's Counsel, as well as employees of said Counsel to whom it is reasonably necessary to

disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)   the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)   the court and its personnel;

(e)   court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)   during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court; pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(g)   the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

- 14 -

7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS'</u>
<u>EYES  ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information</u>
<u>or Items.</u> Unless otherwise ordered by the court or permitted in
writing by the Designating Party, a Receiving Party may disclose
any information or item designated "HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only
to:

(a)  the Receiving Party's Counsel, as well as
employees of said Counsel to whom it is reasonably necessary to
disclose the information for this litigation and who have signed
the "Acknowledgment and Agreement to Be Bound" that is attached
hereto as Exhibit A;

(b)  INTENTIONALLY LEFT BLANK

(c)  Experts of the Receiving Party (1) to whom
disclosure is reasonably necessary for this litigation, (2) who
have signed the "Acknowledgment and Agreement to Be Bound"
(Exhibit A), and (3) as to whom the procedures set forth in
paragraph 7.4(a)(2), below, have been followed;

(d)  the court and its personnel;

(e)  court reporters and their staff, professional jury
or trial consultants, and Professional Vendors to whom disclosure
is reasonably necessary for this litigation and who have signed
the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f)  the author or recipient of a document containing
the information or a custodian or other person who otherwise
possessed or knew the information.

- 15 -

7.4 <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY  CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE  CODE" Information or Items to Experts.</u>

(a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY  CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[1] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such
... continued

testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c)  A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 37 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons why disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons

engagement.

- 17 -

1  advanced by the Designating Party for its refusal to approve the

2  disclosure.

3       In any such proceeding, the Party opposing disclosure to the

4  Expert shall bear the burden of proving that the risk of harm

5  that the disclosure would entail (under the safeguards proposed)

6  outweighs the Receiving Party's need to disclose the Protected

7  Material to its Expert.

8       **8.   PROSECUTION BAR**

9       Absent written consent from the Producing Party, any

10  individual who receives access to "HIGHLY CONFIDENTIAL –

11  ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE"

12  information shall not be involved in the prosecution of patents

13  or patent applications relating to LCD resizing, including

14  without limitation the patents asserted in this action and any

15  patent or application claiming priority to or otherwise related

16  to the patents asserted in this action, before any foreign or

17  domestic agency, including the United States Patent and Trademark

18  Office ("the Patent Office").  For purposes of this paragraph,

19  "prosecution" includes directly or indirectly drafting, amending,

20  advising, or otherwise affecting the scope or maintenance of

21  patent claims.[2]  To avoid any doubt, "prosecution" as used in

22  this paragraph does not include representing a party challenging

23  a patent before a domestic or foreign agency (including, but not

24  limited to, a reissue protest, *ex parte* reexamination or *inter*

25  *partes* reexamination).  This Prosecution Bar shall begin when

26

[2] Prosecution includes, for example, original prosecution,
27  reissue and reexamination proceedings.

28                          - 18 -

access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY
CONFIDENTIAL – SOURCE CODE" information is first received by the
affected individual and shall end two (2) years after final
termination of this action.

**9.** **SOURCE CODE**

(a)  To the extent production of source code becomes
necessary in this case, a Producing Party may designate source
code as "HIGHLY CONFIDENTIAL – SOURCE CODE" if it comprises or
includes confidential, proprietary or trade secret source code.

Protected Material designated as "HIGHLY CONFIDENTIAL –
SOURCE CODE" shall be subject to all of the protections afforded
to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information,
including the Prosecution Bar set forth in Paragraph 8, and may
be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL
– ATTORNEYS' EYES ONLY" information may be disclosed, as set
forth in Paragraphs 7.3 and 7.4.

(b)  Any source code produced in discovery shall be made
available for inspection, in a format allowing it to be
reasonably reviewed and searched, during normal business hours or
at other mutually agreeable times, at an office of the Producing
Party's counsel or another mutually agreed upon location.  The
source code shall be made available for inspection on a secured
computer in a secured room without Internet access or network
access to other computers, and the Receiving Party shall not
copy, remove, or otherwise transfer any portion of the source
code onto any recordable media or recordable device.  The
Producing Party may visually monitor the activities of the

Receiving Party's representatives during any source code review,
but only to ensure that there is no unauthorized recording,
copying, or transmission of the source code.

(c)   The Receiving Party may request paper copies of limited
portions of source code that are reasonably necessary for the
preparation of court filings, pleadings, expert reports, or other
papers, or for deposition or trial, but shall not request paper
copies for the purpose of reviewing the source code other than
electronically as set forth in paragraph (c) in the first
instance.  The Producing Party shall provide all such source code
in paper form, including bates numbers and the label "HIGHLY
CONFIDENTIAL – SOURCE CODE." The Producing Party may challenge
the amount of source code requested in hard copy form pursuant to
the dispute resolution procedure and timeframes set forth in
Paragraph 6 whereby the Producing Party is the "Challenging
Party" and the Receiving Party is the "Designating Party" for
purposes of dispute resolution.

(d)   The Receiving Party shall maintain a record of any
individual who has inspected any portion of the source code in
electronic or paper form.  The Receiving Party shall maintain all
paper copies of any printed portions of the source code in a
secured, locked area.  The Receiving Party shall not create any
electronic or other images of the paper copies and shall not
convert any of the information contained in the paper copies into
any electronic format.  The Receiving Party shall only make
additional paper copies if such additional copies are (1)
necessary to prepare court filings, pleadings, or other papers

(including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case.  Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

**10.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," that Party must:

(a)  promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[3]

---

[3] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

- 21 -

1    If the Designating Party timely seeks a protective order,
2  the Party served with the subpoena or court order shall not
3  produce any information designated in this action as
4  "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." or
5  "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the
6  court from which the subpoena or order issued, unless the Party
7  has obtained the Designating Party's permission.  The Designating
8  Party shall bear the burden and expense of seeking protection in
9  that court of its confidential material – and nothing in these
10 provisions should be construed as authorizing or encouraging a
11 Receiving Party in this action to disobey a lawful directive from
12 another court.

13 **11.  A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE  PRODUCED**
14 **IN THIS LITIGATION**

15    (a)  The terms of this Order are applicable to information
16 produced by a Non-Party in this action and designated as
17 "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or
18 "HIGHLY CONFIDENTIAL – SOURCE CODE."  Such information produced
19 by Non-Parties in connection with this litigation is protected by
20 the remedies and relief provided by this Order.  Nothing in these
21 provisions should be construed as prohibiting a Non-Party from
22 seeking additional protections.

23    (b)  In the event that a Party is required, by a valid
24 discovery request, to produce a Non-Party's confidential
25 information in its possession, and the Party is subject to an
26 agreement with the Non-Party not to produce the Non-Party's
27 confidential information, then the Party shall:

28                              - 22 -

1         1. promptly notify in writing the Requesting Party and

2 the Non-Party that some or all of the information requested is

3 subject to a confidentiality agreement with a Non-Party;

4         2. promptly provide the Non-Party with a copy of the

5 Stipulated Protective Order in this litigation, the relevant

6 discovery request(s), and a reasonably specific description of

7 the information requested; and

8         3. make the information requested available for

9 inspection by the Non-Party.

10    (c)  If the Non-Party fails to object or seek a protective

11 order from this court within 14 days of receiving the notice and

12 accompanying information, the Receiving Party may produce the

13 Non-Party's confidential information responsive to the discovery

14 request.  If the Non-Party timely seeks a protective order, the

15 Receiving Party shall not produce any information in its

16 possession or control that is subject to the confidentiality

17 agreement with the Non-Party before a determination by the

18 court.[4]  Absent a court order to the contrary, the Non-Party

19 shall bear the burden and expense of seeking protection in this

20 court of its Protected Material.

21    **12.**  **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

22    If a Receiving Party learns that, by inadvertence or

23 otherwise, it has disclosed Protected Material to any person or

24 in any circumstance not authorized under this Stipulated

25 

   [4] The purpose of this provision is to alert the interested

26 parties to the existence of confidentiality rights of a Non-Party

   and to afford the Non-Party an opportunity to protect its

27 confidentiality interests in this court.

28                   - 23 -

Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**13. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

**14. <u>MISCELLANEOUS</u>**

14.1 <u>Right to Further Relief.</u> Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2 <u>Right to Assert Other Objections.</u> By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3 <u>Export Control.</u> Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere.  The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

14.4 <u>Filing Protected Material.</u> Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a

Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

## 15. **FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that

1    contain or constitute Protected Material remain subject to this

2    Protective Order as set forth in Section 4 (DURATION).

3                         **********

4    PURSUANT TO STIPULATION, **IT IS SO ORDERED.**

5
     Dated: October 5, 2011          MARC L. GOLDMAN
6                                 _____
                                  Hon. Marc L. Goldman
7                                 United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                              - 27 -

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____[name], of

_____[address], declare

under penalty of perjury that I have read in its entirety

and understand the Stipulated Protective Order that was

issued by the United States District Court for the Central

District of California on _____ [date] as Docket

Entry _____ in the case of *Tannas Electronics v. Luxell*

*Technologies*, Case. No. SA CV 11-00609 AG (MLGx).  I agree

to comply with and to be bound by all the terms of this

Stipulated Protective Order, and I understand and

acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt.  I

solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated

Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

    I further agree to submit to the jurisdiction of the

United States District Court for the Central District of

California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement

proceedings occur after termination of this action.

    I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone

- 28 -

number] as my California agent for service of process in
connection with this action or any proceedings related to
enforcement of this Stipulated Protective Order.


Date:

City and State where sworn and signed:

Printed name:

Signature: